UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:13CR00057-003 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| LAVAR ELLIOTT KITTELBERGER | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Presently before the court are objections by the defendant to the Presentence Report ("PSR") prepared by the Probation Office.

The defendant objects to the two level enhancement in ¶31 of the PSR. The base offense level was increased by two levels for Kittelberger's role as an organizer, leader, manager or supervisor. Kittelberger argues that the contents of ¶31 are not conclusive and are not based on facts. He argues that the PSR does not specifically state whether Kittelberger was an organizer, leader, manager or supervisor. The testimony at trial established that Kittelberger did not recruit any one of the nine check cashers.

Probation responds that Kwame Cunningham stipulated that he, Swan, Washington and Kittelberger were the primary conspirators in this case and the other were simply the "check cashers." The evidence provided by the Government, including statements by Cunningham and multiple co-conspirators, indicates that the primary conspirators stole

checks from mailboxes at local businesses. Cunningham and Washington typically recruited the ones who would cash the checks. Their information would be relayed to Swan and Kittelberger, who printed the checks bearing the cashers' names. The cashers were then driven to various banks to cash the checks and were paid $100 to $300 each time. Jeffery Thompson identified Kittelberger as the driver of the vehicle that took him to the bank to cash the checks.

Probation asserts that, by driving Thompson to the bank to cash the checks, Kittelberger exercised control over Thompson. The primary conspirators claimed a right to a larger share of the proceeds and had a greater degree of participation in planning the offense.

Under U.S.S.G. § 3B1.1(c), a defendant's base offense level may be enhanced two levels if he was an "organizer, leader, manager, or supervisor" of one or more participants in any criminal activity. The Guidelines do not require that a court specifically assign the role of organizer, leader, manager, or supervisor to a defendant before the two point enhancement can be assigned. The Guidelines do state that a defendant must be the organizer or leader of at least one other participant in the crime and assert control over at least that one participant. *United States v. Jobe,* 101 F.3d 1046, 1064 (5th Cir.1996). The enhancement is not appropriate but an upward departure is warranted when the defendant is one who "did not organize, lead, manage or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization."

U.S.S.G. § 3B1.1, Application Note 2.  The facts stated in the PSR establish that Kittelberger managed or supervised participants rather than property. *United States v. Bautista,* 2002 WL 31845830 (5th Cir. 2002); *United States v. Giraldo,* 111 F.3d 21, 23 (5th Cir.1997)(citing *United States v. Jobe,* 101 F.3d 1046 (5th Cir.1996)).

Accordingly, for the reasons set forth herein, Kittleberger's total offense level is 17. With a Criminal History Category of II.

Lake Charles, Louisiana, this 13 day of February, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE