UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

UNITED STATES OF AMERICA            2:13CR00057-03

VERSUS            JUDGE MINALDI

LAVAR E. KITTLEBERGER            MAGISTRATE JUDGE KAY

MEMORANDUM RULING

Before the court is the defendant's Motion to Vacate, Set Aside or Correct Sentence (Rec. Doc. 559) pursuant to 28 U.S.C. §2255. The government filed an answer (Rec. Doc. 568). No timely Reply was filed.

Procedural History[1]

On February 14, 2013, a federal grand jury returned an eleven-count indictment against twelve individuals including the defendant. The indictment charged bank fraud, passing of fictitious obligations, possession of stolen mail and aggravated identity theft. (Rec. Doc. 45)

The defendant and two other defendants filed a motion to suppress which was denied after an evidentiary hearing. The defendants alleged that a search of a hotel room was conducted without a warrant and without exigent circumstances. (Rec. Docs. 313, 324).

After four days of trial, on November 8, 2013, a jury found the defendant guilty of one count of conspiracy to commit mail fraud, five counts of fictitious obligations intended to defraud, one count of theft of stolen mail matter and one count of aggravated identity theft. The defendant was acquitted of three counts of fictitious obligations (Rec. Doc. 361).

On February 13, 2014, the defendant was sentenced to 30 months imprisonment as to all the

---

[1] As summarized by the government.

counts except the aggravated identity theft count. As to the aggravated identity theft count, he was sentenced to a term of two years imprisonment which is to run consecutively to the terms of 30 months imposed on the other counts. He was ordered to make restitution in the amount of $74,026.76 (joint and several with the co-defendants). His term of supervised release is five years. (Rec. Doc. 475).

On December 18, 2014, the United States Court of Appeals for the Fifth Circuit affirmed in part and vacated in part the judgment of the district court. The Fifth Circuit vacated the fictitious obligation counts. However, the case was not remanded for resentencing because vacating those counts did not affect the sentence. (Rec. Doc. 555). The motion at bar was timely filed on December 15, 2015. (Rec. Doc. 559).

## Law

It has been clearly established that the defendant participated in a check cashing conspiracy.

The defendant asserts several arguments in this motion:

1) He complains that there was no laptop available at the suppression hearing which would have enabled him to develop the record of imbedded time stamps. He argues that this would have proven that evidence was seized prior to a search warrant being obtained. Therefore, the court erred in denying the motion to suppress;
2) The USSG §3B1 enhancement contained in the Presentence Report was not supported by the evidence; and
3) The government failed to prove aggravated identity theft.

The government argues in its Answer that Kittelberger has procedurally defaulted on these claims because he did not raise them on direct appeal.

When claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted, and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal, and actual prejudice resulting from the

alleged errors.[2] Alternatively, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent.[3] Kittelberger has not made the showing required to overcome the procedural bar. Kittelberger filed an appeal, but did not raise these issues during the pendency of the direct appeal. Kittelberger's claims, which were not raised in direct appeal as they should have been, are procedurally barred from review in this § 2255 proceeding.

Accordingly, the §2255 motion will be denied.

Lake Charles, Louisiana, this 19 day of February, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] *United States v. Placente,* 81 F.3d 555, 558 (5th Cir.1996) ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors."); *United States v. Gaudet,* 81 F.3d 585, 589 (5th Cir.1996) ("When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error."); *United States v. Acklen,* 47 F.3d 739, 741-42 (5th Cir.1995) ("Because a challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing both 'cause' for his procedural default and 'actual prejudice' resulting from the error."); *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir.1991) ("A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude ... and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."), *cert. denied,* 502 U.S. 1076 (1992).

[3] *Bousley v. United States,* 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only of the defendant can first demonstrate either 'cause' and actual 'prejudice' ... or that he is 'actually innocent.' "). *United States v. Watson-McKinney,* L 2583442, 2 -3 (S. D. Tex.2006).